IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Fynale Barnwell and Shavell Barnwell, individually, and as natural parents and guardians of, M.B., a Minor Child, | ) ) ) | Case No.:   3:23-cv-583-SAL |
| | ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | |
| Lexington School District One, GERRITA POSTLEWAIT, in her individual capacity, NICOLE LIVINGSTON, in her individual capacity, JACOB SMITH, in his individual capacity, and South Carolina Department of Education, | ) ) ) ) ) ) ) | COMPLAINT  (Jury Trial Requested) |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs[1], by and through their undersigned counsel, complaining of the Defendants, Lexington School District One, Gerrita Postlewait, Nicole Livingston, Jacob Smith, and South Carolina Department of Education ("Defendants"), would respectfully show unto this Honorable Court:

## PARTIES & BACKGROUND

**Introduction**

1.     It is well-established law that the government may not compel anyone, including public school students, to recite the Pledge of Allegiance, stand when it is

---

[1] The Plaintiffs in this lawsuit are M.B. (a minor child) along with her natural parents and guardians, Fynale Barnwell and Shavell Barnwell.  The term Plaintiff and Plaintiff(s) are often used interchangeably in this lawsuit as the minor child is bringing this action through her parents and her parents have also suffered harm due to the actions and inactions of Defendants.

delivered, or stop to acknowledge the recitation of the same. Notwithstanding well-established federal and state law, when 15-year-old M.B., an African-American honor roll student and a standout member of several extra-curricular activities at River Bluff High School, decided to exercise her First Amendment Right to refrain from acknowledging the Pledging Allegiance in a non-disruptive manner, Ms. Nicole Livingstone, a teacher at River Bluff High School, demanded that M.B. stop to acknowledge the Pledge of Allegiance, physically assaulted M.B., and then escorted M.B., to Principal Jacob Smith's office so that M.B., could be punished for her actions.

2.     The actions and inactions of Defendants were a gross violation of M.B.'s rights afforded under the First and Fourteenth Amendments to the United States Constitution in addition to the protections afforded by the laws of South Carolina, federal jurisprudence and state jurisprudence.

3.     Plaintiffs bring this action to hold Defendants accountable for the gross violation of M.B.'s constitutional rights as further described herein.

**Plaintiffs Fynale Barnwell, Shavell Barnwell, and M.B.**

4.     That Plaintiffs, Fynale Barnwell, Shavell Barnwell, and M.B. (hereinafter "Plaintiffs"), are citizens and residents of the State of South Carolina at all times relevant herein. That M.B. is the minor child of Fynale Barnwell and Shavell Barnwell. That Plaintiffs Fynale Barnwell and Shavell Barnwell bring this action individually, and as next of friend for M.B., their minor child. Additionally, Plaintiffs are members of a protected class under federal law.

**Lexington School District One**

5.      That upon information and belief, the Defendant Lexington School District One is a school district operated as a subdivision of Lexington County Government and is a governmental agency with its principal place of business located in the County of Lexington, State of South Carolina, and is responsible for the actions or inactions of its agents, servants, contractors, volunteers, and employees.

6.      That upon information and belief the majority, if not all, of the events to this claim, took place at River Bluff High School.

7.      That Defendant Lexington School District One is being sued in its representative capacity pursuant to the South Carolina Tort Claims Act that makes the employing entity liable for the torts of its employees and agents (S.C. Code §15-78-70). Plaintiffs allege that Defendant Lexington School District One is liable for the acts and omissions of its employees, agents, servants, and contractors for the negligence, gross negligence, recklessness, and other liability forming conduct, actions, and inactions that caused the harm to Plaintiffs.

8.      The negligent and grossly negligent acts, omissions, and liability forming conduct, actions, and inactions of Defendant Lexington School District One include their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of non-delegable duty, apparent authority, agency, ostensible agency and/or respondeat superior and the acts and/or omissions of the abovenamed Defendant was the direct and proximate cause of the injuries, damages, and losses to Plaintiffs.

9.      In addition, Plaintiffs are informed and believe that Defendant Lexington School District One is the policy-making authority for its agents/employees and as such,

Defendant Lexington School District One is being sued under federal law for compensatory and punitive damages and such other relief available pursuant federal law for Municipal Liability Custom/Practice and Policymaking Authority. This Defendant is a "person" as that term is used in the text of 42 U.S.C. §1983.

**Superintendent Gerrita Postlewait**

10.    Upon information and belief, Defendant Gerrita Postlewait is a resident and citizen of South Carolina and was an agent, servant and/or employee of Defendant Lexington School District One at all times relevant herein.  Specifically, Defendant Gerrita Postlewait, at all times relevant herein, was employed by the Lexington School District One as their Superintendent and was/is one of the policy-making authorities of Defendant Lexington School District One.  Defendant Gerrita Postlewait at all times relevant herein was acting under color of state law in the course and scope of her employment as an agent/employee of Lexington School District One.  For purposes of this action, Defendant Gerrita Postlewait is being sued in her individual capacity under federal law for compensatory and punitive damages and such other relief available pursuant to federal law. This Defendant is a "person" as that term is used in the text of 42 U.S.C. § 1983. Furthermore, Defendant Gerrita Postlewait was well aware of Plaintiff M.B.'s constitutional rights, including her right to be free from any violations of her constitutional rights afforded to her.

**Principal Jacob Smith**

11.    Upon information and belief, Defendant Jacob Smith is a resident and citizen of South Carolina and was an agent, servant and/or employee of Defendant Lexington School District One at all times relevant herein.  Specifically, Defendant Jacob

Smith, at all times relevant herein, was employed by the Lexington School District One as the Principal at River Bluff High School and was/is one of the policy-making authorities of Defendant River Bluff High School and is/was ultimately responsible for Defendant Nicole Livingston, and all of his subordinates, training, supervision, retention, and conduct. Defendant Jacob Smith at all times relevant herein was acting under color of state law in the course and scope of his employment as an agent/employee of Lexington School District One.  For purposes of this action, Defendant Jacob Smith is being sued in his individual capacity under federal law for compensatory and punitive damages and such other relief available pursuant to federal law.  This Defendant is a "person" as that term is used in the text of 42 U.S.C. § 1983.  Furthermore, Defendant Jacob Smith was well aware of Plaintiff M.B.'s constitutional rights, including her right to be free from any violations of her constitutional rights afforded to her.

**Nicole Livingston**

12.     Upon information and belief, Defendant Nicole Livingston is a resident and citizen of South Carolina and was an agent, servant and/or employee of Defendant Lexington School District One at all times relevant herein.  Defendant Nicole Livingstone at all times relevant herein was acting under color of state law in the course and scope of her employment as an agent/employee of Lexington School District One.  For purposes of this action, Defendant Nicole Livingstone is being sued in her individual capacity under federal law for compensatory and punitive damages and such other relief available pursuant to federal law.  This Defendant is a "person" as that term is used in the text of 42 U.S.C. § 1983.    Furthermore, Defendant Jacob Smith was well aware of Plaintiff M.B.'s

constitutional rights, including her right to be free from any violations of her constitutional rights afforded to her.

**South Carolina Department of Education**

13.     Upon information and belief, Defendant South Carolina Department of Education is a state agency as defined by 15-78-10, et seq., Code of laws, 1976, as amended, and as agents, employees, offices and/or properties located in Lexington County, State of South Carolina.  At all times relevant to this action, Defendant South Carolina Department of Education was acting by and through its agents, servants, employees, and/or officers to include and not be limited to those persons and/or individuals named in this complaint.  As such, Defendant South Carolina Department of Education is statutorily liable for the actions and omissions of their employees/agents acting in the course and scope of their official duties pursuant to the South Carolina Tort Claims Act.

## JURISDICTION AND VENUE

14.     This court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under the constitution and statutes of the United States, and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

15.     Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district. Specifically, all acts and occurrences giving rise to the claims occurred at River Bluff High School in Lexington County, South Carolina.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

16.    That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

17.    That upon information and belief, and at all times relevant herein, Defendant Nicole Livingston was an employee and/or servant at Lexington School District One as an employee in the Special Education department at River Bluff High School and as to render her under the direct control and supervision of Defendants Lexington School District One, Superintendent Gerrita Postlewait, and Principal Jacob Smith.

18.    That upon information and belief, and at all times relevant herein, Defendants Lexington School District One, Superintendent Gerrita Postlewait, and Principal Jacob Smith had the ability to control or should have known they had the ability to control Nicole Livingston, making them liable for her acts and conduct.

19.    That upon information and belief, and at all times herein, Defendants Lexington School District One, Superintendent Gerrita Postlewait, and Principal Jacob Smith knew or should have known of the necessity and opportunity to exercise control of Nicole Livingston.

20.    That upon information and belief, Defendants Lexington School District One, Superintendent Gerrita Postlewait, and Principal Jacob Smith possessed actual knowledge of Nicole Livingston's propensity to harm students exercising their First Amendment Constitutional Right to freedom of speech, including Plaintiff, yet failed to take any action against Nicole Livingston, allowing her to feel reaffirmed in her actions in

assaulting student's and violating their constitutional rights under the guise of a Lexington School District One teacher.

21.     That upon information and belief, Lexington School District One knew or should have known that it is unconstitutional to have a practice or custom of taking actions to coerce, force, and demand compliance of students standing and/or reciting the Pledge of Allegiance.

22.     That on or about November 29, 2022, Plaintiff M.B. was a fifteen (15) year-old African American ninth (9th) grade student at River Bluff High School in Lexington County South Carolina.  That M.B. is and/or was an honor roll student at the time and is and/or was a stellar member of several extracurricular activities at River Bluff High School.

23.     That at approximately 8:40 a.m. November 29, 2022, Plaintiff M.B., was at school at River Bluff High School walking in the hallway to her class.  While M.B. was walking, the Pledge of Allegiance began playing over the intercom.  Upon information and belief, Lexington School District One and/or River Bluff High School designates that all students say the Pledge of Allegiance at a time approximately around 8:40 a.m. per policy in accordance with S.C. Code § 59-1-455.   However, S.C. Code § 59-1-455 also provides that any person not wishing to say the "Pledge of Allegiance" or otherwise participate in saying the "Pledge of Allegiance" is exempt from participation and may not be penalized for failing to participate.  Specifically, S.C. Code § 59-1-455 allows a person who does not wish to participate to leave the classroom, may remain in his seat, or may express his nonparticipation in any form which does not materially infringe upon the rights of other persons or disrupt school activities.

24.    Moreover, The United States Supreme Court made it clear in 1943, in *West Virginia State Board of Education v. Barnette*, 319 U.S. 624 (1943), that the First Amendment forbids compelling saluting or pledging allegiance to the flag. The Supreme Court and the lower courts have since implemented, and elaborated on, the contours of students' free-speech rights in a series of cases, taking into account schools' interest in maintaining campus discipline.

25.    While the Pledge of Allegiance was being recited over the intercom, some students stopped in acknowledgment of the Pledge.  However, in accordance with her First Amendment Rights protected by the United States Constitution, M.B., elected to continue walking to her class and refrain from reciting the Pledge of Allegiance while other students stopped to do so.  That M.B. chooses not to acknowledge the Pledge of Allegiance which is well within her Constitutional Rights protected by the First Amendment.

26.    That M.B., continued to walk silently in a non-disruptive manner to her class throughout the remainder of the Pledge of Allegiance and into the call to remain standing for a Moment of Silence.  While M.B., was walking to her class, Defendant Nicole Livingston violated M.B.'s constitutional rights by yelling and demanding that M.B. stop walking and physically assaulting her by pushing M.B., on the wall and forcefully touching M.B., in an unwanted way without her consent so that she would stop walking in recognition of the Pledge of Allegiance and Moment of Silence that was announced at the conclusion of the Pledge.

27.    That after physically assaulting M.B., Defendant Nicole Livingston took M.B., to the principal's office.  M.B. was extremely upset and emotionally disturbed about

being taken to the principal's office as she believed she was being punished for having done something wrong.

28.     Upon reaching the principal's office, M.B. informed Principal Jacob of what transpired.  Upon information and belief, Defendant Principal Jacob Smith informed M.B., that he would review the video footage and sent M.B., back to class.  That Defendant Principal Jacob Smith never informed M.B., that she was exempt from participating in the Pledge of Allegiance and should not be penalized for failing to participate

29.     Subsequently, M.B., informed her parents Fynale Barnwell and Shavell Barnwell of what transpired.  That Plaintiffs Fynale Barnwell and Shavell Barnwell were angry, upset, and emotionally troubled to learn of their daughter's assault and the violation of her Constitutional Rights.

30.     That Plaintiffs tried through numerous measures to see some sort of accountability for Defendant Nicole Livingston's actions in physically assaulting Plaintiff M.B., and violating her Constitutional Rights.  However, after exhausting all reasonable measures, Defendants Lexington School District One, Gerrita Postlewait, Nicole Livingston, Jacob Smith, and the South Carolina Department of Education, failed to accept any responsibility or show any actions in support and affirmation of Plaintiff's M.B.'s protected Constitutional Rights.

31.     That Defendants Lexington School District One, Superintendent Gerrita Postlewait, and Principal Jacob Smith were under a duty to prevent Nicole Livingston from harming students at Lexington School, including Plaintiff, and/or conducting herself in a manner that created an unreasonable risk of harm to students at River Bluff Highschool, including Plaintiff.

32.     Notwithstanding actions taken by Nicole Livingston in assaulting Plaintiff M.B., and violating her Constitutional Rights, Defendants Lexington School District One, Superintendent Gerrita Postlewait, and Principal Jacob Smith, continued to employ and retained Nicole Livingston, took no measures to ensure that she was not allowed to assault students or continue to force, demand, coerce, or attempt to force, coerce, or demand students into reciting the Pledge of Allegiance or engaging in conduct that she seems fit during the moment of silence, nor did they take any measures to ensure the safety, security, and constitutional rights of students wishing to exercise their First Amendment rights during the Pledge of Allegiance, including Plaintiff.

33.     That as a direct and proximate result of Defendants' actions and/or inactions, Plaintiff M.B. suffered the following injuries: violation of her constitutional right under the Fourteenth Amendment to the United States Constitution to due process, the possession and control of her own person, right to be free from any violations of her liberty interest; violation of her constitutional right under the First Amendment to the United States Constitution to free speech; violation of her constitutional right under the Fourteenth Amendment to the United States Constitution to equal protection of the laws; great and permanent mental harm and injury, physical pain from the assault, battery, emotional distress, psychological trauma, apprehension, anxiety, depression, embarrassment, shame, and a loss of enjoyment of life, all resulting from the actions and inactions described herein, which has and will in the future require the need for mental health treatment services.

**FOR A FIRST CAUSE OF ACTION**
**AS TO DEFENDANTS LEXINGTON SCHOOL DISTRICT ONE AND**
**SOUTH CAROLINA DEPARTMENT OF EDUCATION**
**Negligence/Gross Negligence and/or Recklessness**

34. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

35. That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

36. That Defendants acting through its agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

    a) In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

    b) In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

    c) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its agents;

    d) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that offenders under their supervision are safe and protected from physical abuse and threatening behavior by their agents;

    e) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

f)  In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

g)  In failing to exercise reasonable or slight care to take the appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

h)  In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate the services of staff and/or personnel, including Nicole Livingston, when they had actual and/or constructive notice of her propensities;

i)  In failing to exercise reasonable or slight care to properly supervise Nicole Livingston;

j)  In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of their agents when it had notice of their agent's propensities towards inappropriate and/or abusive behavior;

k)  In conducting themselves in an egregious and arbitrary manner;

l)  In threatening, physically assaulting Plaintiff;

m)  In breaching their fiduciary duty of trust with regard to Plaintiff;

n)  In failing to follow and adhere to the local state and national standards, policies, and procedures including the policies and procedures of the South Carolina Department of Education;

o)  In failing to follow and adhere to the policies and procedures of the South Carolina Department of Education;

p)  In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Lexington School District One employees;

q)  In failing to sufficiently monitor and supervise employees of Lexington School District One;

r)  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

s)  In failing to properly supervise its property;

13

t) In failing to exercise even slight care to protect the Plaintiff from harm; and

u) In any other manner that Plaintiff may become aware of through discovery and/or trial.

37.    All of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

38.    That as a direct and proximate result of Defendants' negligence, gross negligence, carelessness and/or recklessness, Plaintiff M.B. was harmed and sustained serve and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

39.    That as a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has and will likely, in the future, be caused to incur medical expenses.

40.    That Plaintiffs are informed and believe that they are entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate them for their injuries and damages.

**FOR A SECOND CAUSE OF ACTION**
**AS TO DEFENDANT LEXINGTON SCHOOL DISTRICT ONE AND SOUTH**
**CAROLINA DEPARTMENT OF EDUCATION**
**Negligent Supervision/ Negligent Hiring/Negligent Training/Negligent Retention**

41.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

42.    That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

43.    That Plaintiffs are informed and believe that Defendant through the negligent, reckless, wanton, outrageous, and grossly negligent conduct of its employees are further negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars:

a)    In failing to exercise the degree of care that a reasonable employer would have exercised under the same or similar circumstances;

b)    In failing to conduct a proper and adequate background search or review of its employees before and after hiring;

c)    In failing to monitor the conduct of its employees and to take appropriate steps to discipline and/or terminate them subsequent to the commissions of negligent, outrageous, willful, wanton, reckless, grossly negligent and/or unlawful acts;

d)    In failing to properly supervise its employees;

e)    In failing to have in place adequate policies and procedures to monitor its employees, and if such policies and procedures were in place, in failing to enforce them;

f)    In failing to have in place adequate policies and procedures to mandate compliance by its employees with state guidelines, statutes, laws, and regulations regarding the Pledge of Allegiance, and if such policies and procedures were in place, in failing to enforce them;

g)    In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

44.    That all of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the State of South Carolina.

45.    That Plaintiff's M.B.'s injuries were of such nature so as to require her to expend monies, to receive additional medical attention, and to require medical necessities.

46.    That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

47.    That Plaintiffs are informed and believe that they are entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate her for their injuries and damages.

**FOR A THIRD CAUSE OF ACTION**
**AS TO DEFENDANT LEXINGTON SCHOOL DISTRICT ONE AND SOUTH**
**CAROLINA DEPARTMENT OF EDUCATION**
**Outrage**

48.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

49.    That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

50.    That the South Carolina Supreme Court recognized the actionability of the tort of reckless infliction of emotional distress which is commonly known as Outrage under the South Carolina Tort Claims Act in *Bass v. S.C. Dept. of Soc. Servs.,* 414 S.C. 558, 780 S.E.2d 252 (2015).

51.    That physical damages are not necessary to prove mental anguish *Doe v. Greenville Hosp. Sys.*, 323 S.C. 33, 38-39, 448 S.E.2d 564, 567 (Ct.App. 1994).

52.     That the South Carolina Tort Claims Act includes mental anguish in their definition of loss for which damages may be recovered under the Act. S.C. Code Ann. §§ 15-78-30 (f).

53.     That Defendants were negligent, grossly negligent, wanton and/or reckless for the reasons outlined more fully herein.

54.     That the negligence, gross negligence, wantonness and/or recklessness of Defendants as further described herein, cause severe emotional distress/mental anguish on Plaintiff.

55.     That Defendants knew or should have known that their negligent, wanton and/or reckless conduct would cause severe emotional distress/mental anguish on Plaintiff.

56.     That Defendants' negligence, gross negligence, wantonness and/or recklessness was so extreme and outrageous that it exceeded all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

57.     That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered injuries and damages as further described herein.

58.     That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered severe emotional distress/mental anguish that no reasonable person should expect to endure.

59.     That Plaintiff's emotional distress/mental anguish was of such nature so as to require them to expend monies, to receive additional medical attention, and to require medical necessities.

60.     That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

61.     That Plaintiffs are informed and believe that they are entitled ACTUAL and CONSEQUENTIAL DAMAGES in an amount which would adequately compensate them for the severe emotional distress/mental anguish, injuries, and damages.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANT NICOLE LIVINGSTON**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Violation of Due Process - Fourteenth Amendment**

62.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

63.     That during the time period in question, Nicole Livingston was acting under the color or pretense of State law, customs, practices, usage, or policy as a teacher at River Bluff High School and had certain duties imposed upon her with regard to Plaintiff M.B.

64.     That during the time period in question, Nicole Livingston was well aware of Plaintiff M.B.'s constitutional rights, including her right to due process, the possession, and control of her own person, and to be free from any violations of her liberty interest, and her right to be free from unjustified intrusions on personal security protected by the Fourteenth Amendment.

65.     Courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected by the Due Process Clause. Ingraham v. Wright, 430 U.S. 651, 673 (1977). The above set

forth facts show that Nicole Livingston assaulted Plaintiff, a young woman African American woman she owed a duty towards as a student at River Bluff High School, while she was acting in the course and scope of her employment as a teacher inside of River Bluff High School. As such, Nicole Livingston imposed herself in such a way that Plaintiff felt intimidated, coerced, and without a choice but to comply with her demands or risk severe punishment.

66.    That Nicole Livingston's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of Plaintiff's resulting injuries and harms.

67.    As a direct and proximate cause of Nicole Livingston's conduct, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

### FOR A FIFTH CAUSE OF ACTION
### AS TO ALL DEFENDANTS
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Violation of Equal Protection of the Laws - Fourteenth Amendment**

68.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

69.    That during the time period in question, Defendants were acting under the

color or pretense of State law, whose actions are attributable to the state, constitute violations of Plaintiff M.B.'s Fourteenth Amendment right to the equal protection of the laws.

70.     The Fourteenth Amendment to the Constitution provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

71.     That Defendants singled out Plaintiff M.B. and subjected her to discrimination for her sincerely held beliefs exhibited by her choice to refrain from participating in the daily recitation of the Pledge of Allegiance.

72.     That Defendants were made aware of the discrimination against Plaintiff M.B., after being put on notice of her assault by Nicole Livingston during the Pledge of Allegiance.

73.     However, Defendants failed to take any steps to remedy the violation and prevent future violations from occurring.

74.     As a direct and proximate cause of Defendants actions and inactions, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A SIXTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Violation of Right to Free Speech - First Amendment**

75.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

76.     That during the time period in question, Defendants were acting under the color or pretense of State law, whose actions are attributable to the state, constitute violations of Plaintiff M.B.'s First Amendment right to freedom of speech.

77.     The First Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging freedom of speech . . ."

78.     This First Amendment right extends to public school students who do not wish to be forced to stand for the Pledge. *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943).

79.     That Defendants singled out Plaintiff M.B. and subjected her to discrimination for her sincerely held beliefs exhibited by her choice to refrain from participating in the daily recitation of the Pledge of Allegiance or stop to acknowledge the same.

80.     That all Defendants were made aware of the discrimination against Plaintiff M.B., after being put on notice of her assault by Nicole Livingston during the Pledge of Allegiance.

81.     However, Defendants failed to take any steps to remedy the violation and prevent future violations from occurring.

82.     As a direct and proximate cause of Defendants actions and inactions, Plaintiff has been injured and damaged in that she has been deprived of the rights,

privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A SEVENTH CAUSE OF ACTION**
**AS TO DEFENDANTS GERRITA POSTLEWAIT AND JACOB SMITH**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 – Supervisory Liability**

83.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

84.    That during the time period in question, Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith were acting under the color or pretense of State law, customs, practices, usage, or policy as the director and supervisor of Nicole Livingston on behalf of Lexington School District One and had certain duties imposed upon them with regard to Plaintiff.

85.    That during the time period in question, Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith were well aware of Plaintiff's constitutional rights, including her right to due process, the possession and control of her own person, and to be free from any violations of her liberty interest, her right to be free from unjustified intrusions on personal security protected by the Fourteenth Amendment, her right to equal protection under the laws protected by the Fourteenth Amendment, and her right to freedom of speech protected by the First Amendment.

86.     That Defendants Superintendent Gerrita Postlewait and Principal Jacob Smith in their roles were the policymakers for the River Bluff High School, and when enacting, implementing, and enforcing such policies, were acting with the express authority of the South Carolina Department of Education and Lexington School District One.

87.     That upon information and belief, Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith possessed actual and/or constructive knowledge that Nicole Livingston was the subject of allegations referenced herein, and posed harm to students at River Bluff High School, including Plaintiff.

88.     That Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith, as Nicole Livingston's superiors, possessed the power to prevent the actions of Nicole Livingston.  However, despite knowledge that Nicole Livingston violated Plaintiff's constitutional rights, Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith authorized and permitted Nicole Livingston's actions by consciously and intentionally failing to act, intervene, correct, or prevent Nicole Livingston from continuing such actions.

89.     That all of the above-referenced failures are the responsibility of Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith, who were deliberately indifferent to their responsibility to train, supervise, reprimand, and discipline Nicole Livingston, and to protect Plaintiff M.B.'s constitutional rights.

90.     As a direct and proximate result of the above-mentioned unconstitutional action of Defendants Superintendent Gerrita Postlewait, and Principal Jacob Smith, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the

United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR AN EIGHTH CAUSE OF ACTION**
**AS TO DEFENDANT LEXINGTON SCHOOL DISTRICT ONE**
**42 U.S.C. § 1983 – Monell Liability**

91.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

92.    Under the principles of municipal liability, Defendant Lexington School District One, owed a duty to the public at large and to Plaintiff to implement policies, procedures, customs, and practices sufficient to prevent, deter, and avoid conduct by subordinates that violate the constitutional rights of students.

93.    That at all times relevant herein, Defendant Lexington School District One was well aware of Plaintiff's constitutional rights, including her constitutional right protected by the Fourteenth Amendment and First Amendments to the United States Constitution.

94.    Defendant Lexington School District One's failure to implement and/or enforce policies, procedures, customs, and practices sufficient to prevent, deter, and avoid conduct by subordinates that violate the constitutional rights of students resulted in the harm and violation of the constitutional rights of Plaintiff as described herein.

95.    That notwithstanding their duty owed to the public at large and Plaintiff,

Defendant Lexington School District One knowingly and intentionally breached said duty or were deliberately indifferent to this duty.

96.    As a direct and proximate result of the above-mentioned unconstitutional action of Defendant Lexington School District One, Plaintiff M.B., has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

## **RELIEF REQUESTED**

97.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

98.    **WHEREFORE,** Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and prays for judgment against the Defendants both jointly and in combination as follows:

a.  Actual damages on all causes of action;

b.  Incidental damages on all causes of action;

c.  Consequential damages on all causes of action;

d.  Punitive damages on the FOURTH, FIFTH, SIXTH, SEVENTH, and EIGHTH causes of actions;

e.  For reasonable attorney's fees and the costs and expenses of this action pursuant to 28 U.S.C. § 1988; and

f.  For such other and further relief as the court may deem just and proper.

Respectfully submitted,

s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
Attorney for Plaintiff
1921 Henderson Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Fax: 1-803-526-7642
Email: tyler@baileylawfirmsc.com

Columbia, South Carolina