# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Fynale Barnwell and Shavell Barnwell, individually and as natural parents and guardian of M.B., a Minor Child,<br><br>         Plaintiff,<br>vs.<br><br>Lexington School District One, Gerrita Postlewait, in her individual capacity, Nicole Livingston, in her individual capacity, Jacob Smith, in his individual capacity, and South Carolina Department of Education,<br><br>         Defendants. | CIVIL ACTION NO.: 3:23-cv-00583-SAL<br><br>**SOUTH CAROLINA DEPARTMENT OF EDUCATION'S REPLY TO PLAINTIFFS' RESPONSE TO SECOND MOTION AND MEMORANDUM TO DISMISS** |

COME NOW, the Defendant South Carolina Department of Education (SCDOE) respectfully submits this Reply to Plaintiff's Response to SCDOE's Second Motion and Memorandum to Dismiss filed by Plaintiffs on April 19, 2023. SCDOE maintains that the Plaintiffs have failed to state facts sufficient to constitute a cause of action against the Department upon which relief can be granted, that the Plaintiffs' claims against this Defendant are barred by the Eleventh Amendment of the United States Constitution, and on such other grounds as set forth in SCDOE's Memorandum in Support of Motion to Dismiss (ECF No. 9-1), filed March 10, 2023 with SCDOE's first Motion to Dismiss (ECF No. 9) as well as SCDOE's Second Motion and Memorandum to Dismiss filed on April 2, 2023 (ECF No. 17) .

## PLAINTIFF'S INTRODUCTION AND SUMMARY OF ARGUMENT

SCDOE agrees that Plaintiff M.B., as do all citizens of the United States of America, has certain Constitutional rights. SCDOE did not make an assertion to the contrary. In their Response, Plaintiffs assert that SCDOE is not entitled to Eleventh Amendment Immunity because Plaintiffs have not specifically alleged any 42 U.S.C. § 1983 violation by SCDOE in

their First Amended Complaint, but allege that all allegations fall under the South Carolina Tort Claims Act (SCTCA). Although Plaintiffs assert that they are not making a 42 U.S.C. § 1983 claim against SCDOE, they are, first under supervisory liability under 42 U.S.C. § 1983, and second under the guise of the South Carolina Tort Claims Act (SCTCA).

## MEMORANDUM OF LAW

### I.     ELEVENTH AMENDMENT IMMUNITY

In the original Complaint, Plaintiffs made two claims against SCDOE under 42 U.S.C. § 1983. (ECF No. 1 ¶¶68-82). After SCDOE filed its Motion to Dismiss and supporting Memorandum, Plaintiffs correctly concluded that SCDOE has Eleventh Amendment immunity to such claims and, as a result, filed an Amended Complaint supposedly taking out the 42 U.S.C. § 1983 claims against SCDOE. However, as indicated above, although Plaintiffs assert that they are not making a claim against SCDOE under 42 U.S.C. § 1983, they are.

As to the supervisory claims, there are three elements necessary to establish supervisory liability under 42 U.S.C. § 1983: (1) the supervisor had the actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like M.B.; (2) that the supervisor's response to that knowledge was so inadequate so as to show "deliberate indifference to or tacit authorization of the alleged offense practices;" and (3) that there was an "affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791 (4th Cir., 1994). Although Plaintiffs no longer specifically name SCDOE in their 42 U.S.C. § 1983 claims, the underlying allegations of the Amended Complaint against SCDOE are replete with references to, and liability standards under, 42 U.S.C. § 1983. Specifically, Paragraph 2 of the Amended Complaint alleges that SCDOE has been "**deliberately indifferent**

to the likelihood that a constitutional violation of a student's rights surrounding the Pledge of Allegiance would occur" and "has been negligible (sic) and **deliberately indifferent** to their duty associated with protecting the constitutional rights of students."  (Emphasis added) The "deliberately indifferent" allegation is clearly the standard for supervisory liability under 42 U.S.C. § 1983 as stated above.[1]

The supervisory allegations against SCDOE continue in the Amended Complaint. In Paragraph 3, Plaintiffs allege that SCDOE, despite Lexington School District employees not being employees of SCDOE,[2] had a duty to train, supervise, and discipline Lexington School District employees. In Paragraph 4, Plaintiffs allege that SCDOE's "custom and practice" allowed Defendants to retaliate against students exercising their First Amendment rights. The references to "customs and practice" language comes directly from 42 U.S.C. § 1983. Title 42 U.S.C § 1983 states, in part, that "every person who, under color of any statute, ordinance, regulation, **custom, or usage**, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  (Emphasis added) Plaintiffs cannot "shoehorn" a 42 U.S.C. 1983 action into a SCTCA claim to negate SCDOE's Eleventh Amendment Immunity.

As to the SCTCA, SCDOE is named in three of the twelve causes of action in the First Amended Complaint: the first cause of action lumped in with the Defendant Lexington School District One (hereinafter referred to as "District"), asserting a claim for "Negligence/Gross

---

[1] It should be noted that in Paragraph 2 of the Amended Complaint, Plaintiffs cite South Carolina Code Section 59-5-60 as giving the SCDOE's authority to "adopt policies, rules, and regulations not inconsistent with the laws of the state;" however, this code section specifically gives the State Board of Education these powers, not SCDOE.

[2] See South Carolina Code Section 59-1-130, which states that a 'teacher means any person who is employed either full-time or part-time by any school district either to teach or to supervise teaching."

Negligence and/or Recklessness," on pages 16-19, ¶¶47-53, the second cause of action also against SCDOE and the District, sounding in "Negligent Supervision/Negligent Hiring/Negligent Training/Negligent Retention," on pages 19-21, ¶¶54-60, and the twelfth cause of action, purportedly for "Loss of Personal Services," on pages 37-38, ¶¶135-139. *See,* First Amended Complaint (ECF No. 15). In both the First and Second Causes of Action, Plaintiffs allege, in part, that "Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy." Again, this language is from 42 U.S.C. §1983, not the SCTCA which states that a person may recover for loss caused by "an agency, a political subdivision, or a governmental entity, and its employee **acting within the scope** of his official duty." *South Carolina Code of Laws* § 15-78-40. (Emphasis added.) Plaintiffs are trying to make a 42 U.S.C. § 1983 claim through the SCTCA to keep SCDOE from benefitting from its Eleventh Amendment Immunity.

## II.     PLAUSIBLE CLAIM FOR RELIEF

SCDOE disagrees with Plaintiffs that they have set forth sufficient facts and circumstances to place SCDOE on notice of their theory of relief. The Plaintiffs still fail to identify any agents or employees of the Department who are committing the offending acts or omissions. In their First Complaint, Plaintiffs failed to allege that any SCDOE agent, servant, employee, and/or officer was grossly negligent. Now, in their Amended Complaint, they state that SCDOE "was acting by and through its agents, servants, employees and/or officers **to include and not be limited to those persons and/or individuals named in this complaint**." (Emphasis added.)    The individuals named in this complaint are all employees of the District, not SCDOE. Plaintiffs admit in Paragraphs 15, 16, 17, and 22 that Defendants Gerrita Postlewait, Jacob Smith and Nicole Livingston were employees and/or servants at the District.  Plaintiffs

4

attempt to remedy the deficiencies in their Complaint by adding the language "not be limited to those persons and/or individuals named in this complaint," but, again, fail to state which SCDOE employee, agent, servant, and/or office acted, or failed to act, resulting in M.B.'s alleged injury.

Even in the absence of specific names, Plaintiffs fail to allege even which SCDOE position is responsible for such acts/omissions. In Paragraphs 48 and 55, under the First and Second Causes of Action against SCDOE, also used by Plaintiffs in their Response to SCDOE's Motion to Dismiss to support their contention that they have a sufficient pleading, in the absence of naming individual SCDOE employees or positions, Plaintiffs allege that South Carolina state law empowers SCDOE to make regulations, etc., as the basis for liability for alleged failure to promulgate policy; however, this language comes directly from South Carolina Code Section 59-5-60 which gives the State Board of Education these powers, not SCDOE. South Carolina Code Section 59-5-60 states, "The State Board of Education shall have the power to adopt policies, rules and regulations not inconsistent with the laws of the State for its own government and for the government of the free public schools." Further, Plaintiffs still lump allegations against the District and SCDOE together, without specifying who did what. Specifically, in Paragraphs 49 and 55, Plaintiffs make multiple allegations that both SCDOE and the District failed to do the same actions. More perplexing is that Plaintiffs allege in two different paragraphs in the Amended Complaint that SCDOE and the District failed to follow policies and procedures of SCDOE but then alleges that SCDOE failed to adopt policies. (ECF No. 15 ¶¶ 49(n), 49(o), 49(t)). It seems as though even the Plaintiffs do not know what their Complaint is alleging which, in turn, makes it impossible for SCDOE to decipher.

SCDOE is not responsible for the hiring, training, or supervision of Defendant Lexington School District One's employees. Per South Carolina Code Section 59-1-130, a teacher is an employee of the school district, and Plaintiffs have admitted in their Amended Complaint that Defendants Postlewait, Smith, and Livingston are employees of the District. Therefore, Plaintiffs claims that SCDOE is responsible for such actions fail. A claim is facially plausible when the Plaintiff pleads factual

5

content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not factually plausible that both SCDOE and the District are responsible for the same actions. Although the Court must accept the Plaintiff's factual allegations as true in considering a motion to dismiss, any conclusory allegations are not entitled to an assumption of truth; and even those allegations pled with factual support need only be accepted to the extent that they plausibly give rise to an entitlement to relief. *Id.* at 679. The Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to specific acts, dates, or policies, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the Complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555. The causes of action against SCDOE in the Amended Complaint are conclusory statements not supported by any alleged facts.

Even the twelfth cause of action, which purports to allege a "Loss of Personal Services" cause of action alleges "the aforementioned acts" as the factual antecedent that proximately caused the claimed injury; except there is no factual antecedent for the Department alleged throughout the 140-odd paragraphs. *See,* ECF No. 15, p. 38, ¶137. Plaintiffs did not address the twelfth cause of action in their Response to SCDOE's Second Motion and Memorandum in Support. It is unclear why they believe this cause of action should not be dismissed.

The Plaintiffs' allegations not only lack sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face against SCDOE, as required by the United States

Supreme Court in *Iqbal,* they are totally absent of any specificity applicable to SCDOE, as opposed to any other Defendant with the conclusory and indefinite allegations against the "Defendants," collectively. Plaintiffs still have failed to plead any factual content specific to SCDOE, from which this Court can draw the reasonable inference that SCDOE, through acts or omissions of agents and employees whom Plaintiffs have failed to identify, is liable for the misconduct only collectively and formulaically alleged against all Defendants. The Plaintiffs have alleged no specific, fact-based misconduct on the part of SCDOE for any of the five causes of action alleged. There are no fact-based allegations made with any specificity, as opposed to the conclusory "the Defendant did bad things to me" manner, or "not to be limited to those persons and/or individuals named in this complaint." *See*, ECF No. 15, ¶18. There is no allegation, factually, that any agent or employee of SCDOE was even present the day of the alleged incident. Instead, Plaintiffs provide a plethora of axiomatic citations to case law, articulating freedom of speech liberties and inviolate rights that M.B. was entitled to and allegedly deprived of; but they provide no fact-based allegations tying acts or omissions to names of alleged agents and employees of *this Defendant*, thereby putting this Defendant on notice as to what, exactly, this Defendant is alleged to have done, and why this Defendant is included as a named Defendant in this lawsuit.

The Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action against SCDOE upon which relief can be granted, and should be dismissed. The Plaintiffs' First Amended Complaint should be dismissed against SCDOE for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### III.   CONCLUSION.

For the foregoing reasons, and on such further grounds as may be argued at oral argument, should the Court entertain oral argument, the SCDOE respectfully requests that the

Court consider its Motion to Dismiss, and grant the motion, dismissing the Plaintiffs' First Amended Complaint and claims against SCDOE.

                                      DAVIS FRAWLEY, LLC

                                      *s/Sara M. Bunge*
                                      Sara M. Bunge, Fed I.D. #7717
                                      Patrick J. Frawley, Fed. I.D. #890
                                      140 East Main Street (29072)
                                      PO Box 489
                                      Lexington, South Carolina 29071-0489
                                      (803) 359-2512
                                      Sara@oldcourthouse.com
                                      Pat@oldcourthouse.com

                                      ATTORNEYS FOR THE SOUTH CAROLINA DEPARTMENT OF EDUCATION

Lexington, South Carolina
April 25, 2023