UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Fynale Barnwell and Shavell Barnwell, Individually, and as natural parents and Guardians of, M.B., a Minor Child, <br><br> Plaintiffs, <br><br> v. <br><br> Lexington School District One, GERRITA POSTLEWAIT, in her individual capacity, NICOLE LIVINGSTON, in her individual capacity, JACOB SMITH, in his individual capacity, and South Carolina Department of Education, <br><br> Defendants. | C/A No.: 3:23-cv-583-SAL <br><br><br> **DISTRICT DEFENDANTS' LOCAL RULE 26.03 DISCLOSURES** |

In compliance with Local Rule 26.03 (D.S.C.), Defendants Lexington County School District One (the "District"), Nicole Livingston, and Jacob Smith, in their individual capacities (the "Individual Defendants")[1] (collectively, the "District Defendants"), by and through their undersigned counsel, hereby submits the following information:

**1.    A Short Statement of the Facts of the Case.**

Defendant Nicole Livingston, a special education classroom assistant, briefly stopped minor Plaintiff M.B., while she was walking down the hall during the school's observation of the state-mandated moment of silence. She put her hand on the student's shoulder to get her to stop. Plaintiffs allege that Livingston was trying to make her observe the Pledge of Allegiance which had been recited over the intercom immediately prior to the call to the moment of silence. According to M.B's own statement: "I dropped off my stuff in class and came back to her. She

---

[1] Pursuant to this Court's February 20, 2024 Order [ECF #28], all claims against Gerrita Postlewait have been dismissed.

1

then told me we were going to the office and I agreed that was the best thing to do after she put

her hands on me." The incident was caught on school surveillance cameras from several angles.

Once in Principal Smith's office, M.B. alleges that the principal challenged her patriotism by

asking why she did not want to say the Pledge of Allegiance. The minor Plaintiff claims these

interactions harmed her, and her parents claims this led to a loss of the minor Plaintiff's services.

2.  **The names of witnesses likely to be called by the party and a brief summary of their expected testimony.**

The District Defendants' witnesses will be:

- Nicole Livingston, Special Education Instructional Assistant, who will testify regarding her interaction with the minor Plaintiff M.B.

- Jacob Smith, Principal, who will testify regarding his interaction with the minor Plaintiff M.B., and the investigation into the student's claims, which included his review of surveillance camera footage.

The District Defendants will require the testimony of the Plaintiffs.

3.  **The names and subject matter of expert witnesses (if expert witnesses have not been identified, the subject matter and field of expertise of witness likely to be offered should be identified).**

At this time, the District Defendants have not identified expert witnesses nor

determined whether expert testimony is likely to be offered. If District Defendants find such

testimony necessary for this case, they will timely identify any such witness according to the

applicable scheduling order and make all required disclosures.

4.  **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Many of the claims in the Amended Complaint have been dismissed. The District

Defendants' defenses to the remaining claims, which the Court found met the low bar for Rule

12(b) pleading purposes, are as follows:

Regarding Plaintiffs' remaining Fourth Amendment claims against Livingston, Defendants rely on *Wallace by Wallace v. Batavia Sch. Dist. 101,* 68 F.3d 1010, 1013–14 (7th Cir. 1995); *Hassan v. Lubbock Independent School Dist.,* 55 F.3d 1075, 1080–81 (5th Cir. 1995) *Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1257 (10th Cir. 2008) for the proposition that the *de minimis* or trivial deprivation of liberty that the student endured, if any, does not establish a Fourth Amendment claim

Regarding Plaintiffs' remaining equal protection claim against Livingston, the District Defendants rely on the Fourteenth Amendment and *Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 238 (4th Cir. 2021) *Mason v. Bd. of Educ.,* 2011 WL 89998 (D. Md. Jan. 11, 2011) and related cases holding that Plaintiff was not denied any constitutional protected interested when a teacher stopped her in the hall.

Regarding Plaintiffs' remaining First Amendment claims (violation of first amendment rights and retaliation), the District Defendants contend the facts will demonstrate there was no such violation or retaliation. Plaintiffs further rely on cases such as *Cutts v. Peed*, 17 F. App'x 132, 136 (4th Cir. 2001) and *Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000)) for the prospect that any violation was *de minimis*.

Regarding the remaining Loss of Services claim against the District, the District contends that the facts will not demonstrate any compensable loss of services. Additionally, the District contends that the Tort Claims Act along with the court's order dismissing the negligence claims against the District, precludes the loss of services claim.

The District Defendants reserve the right to assert other defenses, supported by additional case law, as may become prudent and necessary.

5.  **Absent special instructions from the assigned Judge(s), the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

    a.  **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

The parties have stipulated to the deadlines for the exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures as set forth in the Proposed Amended Conference and Scheduling Order, which is being submitted to the Court for approval.

    b.  **Completion of Discovery.**

The parties have stipulated to the deadlines for the completion of discovery as set forth in the Proposed Amended Conference and Scheduling Order, which is being submitted to the Court for approval.

6.  **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

    *See generally* **Local Civil Rule 16.02(c) (content of scheduling order).**

The parties are not presently aware of any such special circumstances.

7.  **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge(s).**

At this time, the parties have no additional information to provide.  The parties' joint Rule 26(f) Report has been filed with the Court; and a Proposed Amended Conference and Scheduling Order will be submitted to the Court for approval.

[*SIGNATURE BLOCK FOLLOWS ON NEXT PAGE*]

Respectfully Submitted:

DUFF | FREEMAN | LYON, LLC

By: *s/David N. Lyon*
    David N. Lyon, Esquire (FED ID #12095)
    David T. Duff, Esquire (FED ID #623)
    P.O. Box 1486
    Columbia, SC  29202
    Telephone: (803) 790-0603
    Facsimile: (803) 790-0605
    dlyon@dfl-lawfirm.com
    dduff@dfl-lawfirm.com

Attorneys for the District Defendants

March 26, 2024
Columbia, South Carolina